**UNITED STATES of America,**
**Appellee,**

v.

**Ernest LUCAS, Defendant–Appellant.**

**Docket No. 02–1112.**

United States Court of Appeals,
Second Circuit.

Dec. 17, 2002.

John S. Wallenstein, Mineola, NY, for Appellant.

Leonard Lato, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney; Roslynn R. Mauskopf, United States Attorney, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present CABRANES, POOLER, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is hereby **DISMISSED.**

Ernest Lucas appeals from a judgment entered February 12, 2002, convicting him after a plea of guilty to the charge of distribution of, and possession with intent to distribute, cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[1] He was sentenced principally to 151 months of imprisonment. He contends that the District Court abused its discretion when it declined to depart downward from the determined offense level of 29 in Criminal History Category VI pursuant to United States Sentencing Guideline § 5K2.0[2] ("U.S.S.G." or "the Guideline") when it found that Lucas was a career offender under U.S.S.G. § 4B1.1.[3] The District Court did not abuse its discretion in declining to depart downward. The District Court's holding conforms to the express language of U.S.S.G. § 5K2.0.

Defendant pleaded guilty to selling, on March 7, 2001, approximately eight grams of crack cocaine to another individual (a government informant) in Suffolk County. The District Court conducted a thorough plea allocution and informed defendant that the sentencing range could go up to 240 months, as opposed to the range discussed in his plea agreement of 51 to 63 months. The District Court informed defendant that he could receive a sentence

1. 21 U.S.C. § 841(a)(1) states in relevant part, "it shall be unlawful for any person knowingly or intentionally—(1) to ... distribute, ... or possess with intent to ... distribute ... a controlled substance." 21 U.S.C. § 841(b)(1)(C) sets out the sentencing range of not more than twenty years for controlled substances in schedule I or II (e.g., crack cocaine), and a term of three years of supervised release.

2. U.S.S.G. § 5K2.0 provides that

the sentencing court may impose a sentence outside the range established by the applicable guidelines, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence

different from that described.' Circumstances that may warrant departure from the guideline range pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance.

(citation omitted).

3. U.S.S.G. § 4B1.1(a) states in relevant part that:

[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

that was substantially higher and that "the final responsibility for sentencing is [the judge's] alone." Gov't Appx. at 18. The Probation Department prepared a Presentence Report ("PSR") which showed that defendant had been convicted of three drug trafficking crimes in 1990 and 1991. On January 18, 2001, defendant appeared for sentencing and his counsel conceded that he was a career offender. Counsel moved for a downward departure, arguing that all three convictions were for "low level street sales of . . . crack cocaine" and all three occurred within an eight-month period ten years earlier. Defense counsel also stated that "sentencing him at Level 29, Category VI substantially overstates the seriousness of his past criminal history given the length of time that has elapsed, [and] the local level street sales. . . ." J.A. at 15. The government took no position on whether the Court should depart downward but cited *United States v. Rivers*, 50 F.3d 1126 (2d Cir .1995), which held that the District Court has discretion to depart downward.

The District Court denied the application for a downward departure, holding that

> for a downward departure under 5K2.0, which provides that, quote: The sentencing Court may impose a sentence outside the range established by the applicable guidelines if the Court finds that there exists an aggravating or mitigating circumstances of a kind or to a degree not adequately taken into consideration by the sentencing commission in formulating the guidelines that should result in a sentence different from that described. I see nothing here of an aggravating or a mitigating circumstance of any kind. So while I recognize that I have the authority to downwardly depart under 5K2.0, I deny that request. . . . We have a defendant who was convicted, . . . previous to this, of seven

crimes, a recidivist. And in my opinion, the punishment does not overstate in any way [the seriousness of his criminal history].

J.A. at 19–20.

In *United States v. Perez*, 295 F.3d 249, 255 (2d Cir.2002), we held that "[a] district court's refusal to depart downward is generally unreviewable on appeal, . . . unless its action falls within a few narrow exceptions to the general rule. . . . [For example,] when the sentencing court mistakenly believes that it lacks the authority to depart." *See also, e.g., United States v. Quintieri*, 306 F.3d 1217, 1229 n. 7 (2d Cir.2002) (finding that "a district court's refusal to grant a discretionary downward departure is not appealable unless there is evidence in the record that the district court did not recognize its authority to depart downwardly"); *United States v. Gaines*, 295 F.3d 293, 303 (2d Cir.2002) (finding that "a [district] court's decision not to depart under this provision [i.e., U.S.S.G. § 5K2.0] is largely unreviewable"); *United States v. McCarthy*, 271 F.3d 387, 401 (2d Cir.2001) (same).

The District Court recognized that it had the authority to depart and declined to depart, stating that "[i]t is a serious punishment, but a defendant who continuously not only disobeys the criminal law, but violates probation, [and made a] poor adjustment to supervision" merited serious punishment.

Because the District Court reviewed the criminal history of the defendant, and clearly recognized his authority to grant the departure and declined to do so, we hold that the decision to decline to downwardly depart is not reviewable. Accordingly, the appeal is **DISMISSED.**